UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JARETH MANGHAM,

    Petitioner,

v.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:16-cv-00026-MMD-WGC

ORDER

    Before the Court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by Jareth Mangham, a Nevada state prisoner (dkt. no. 1-1). His application to proceed *in forma pauperis* (dkt. no.1) shall be granted. The Court has reviewed the petition pursuant to Habeas Rule 4, and it will be docketed and served on respondents.

    Petitioner has also submitted a motion for appointment of counsel (dkt. no. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th

Cir. 1970). Here, the legal issues that petitioner raises pursuant to his guilty plea do not appear to be particularly complex, and he demonstrates in his petition the ability to fairly present his claims. Therefore, the motion for counsel shall be denied.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is granted.

It is further ordered that the Clerk file and electronically serve the petition (dkt. no. 1) on the respondents.

It is further ordered that respondents file a response to the remaining grounds of the petition, including potentially by motion to dismiss, within ninety (90) days of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within

the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that petitioner will have forty-five (45) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment.

It is further ordered that the parties send courtesy copies of all exhibits to the Reno Division of this Court. While the Local Rules provide that parties should send paper courtesy copies of filings over fifty (50) pages, in this instance, courtesy copies may be in paper form or as PDF documents saved to a CD — so long as each PDF is clearly identified by exhibit number. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties must provide courtesy copies of any additional exhibits submitted to the Court in this case, in the manner described above.

It is further ordered that the Clerk detach and file petitioner's motion for appointment of counsel (dkt. no. 1-2). The motion is denied.

///

3

It is further ordered that petitioner's second application for leave to proceed *in forma pauperis* (dkt. no. 3) is denied as moot.

DATED THIS 14th day of April 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4