UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JARATH MANGHAM,<br><br>　　　　　　　Petitioner,<br>　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:16-cv-00026-MMD-WGC<br><br>ORDER |

Petitioner Jarath Mangham's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the Court on respondents' motion to dismiss (ECF No. 7). Mangham did not file an opposition. On July 6, 2016, Mangham filed a notice of change of address; it appears that he has been released from the custody of the State of Nevada as he provided an address in Virginia (ECF No. 9).

**I.　PROCEDURAL HISTORY AND BACKGROUND**

On August 16, 2011, Mangham pleaded guilty to attempted battery with intent to commit sexual assault (Exhibit 7).[1] The state district court sentenced him to a term of 48 to 120 months. (Exh. 7.) Judgment of conviction was filed on September 16, 2011. *Id*. A corrected judgment was filed on October 19, 2011, to reflect that Mangham was subject to a special sentence of lifetime supervision after release. (Exh. 10. )

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 7, and are found at ECF No. 8.

Mangham did not file a direct appeal or a state postconviction petition for a writ of habeas corpus. On April 2, 2014, about two and one-half years after the corrected judgment of conviction was filed, Mangham filed a motion to correct an illegal sentence and vacate judgment. (Exh. 16.) The Nevada Court of Appeals affirmed the denial of that motion on April 15, 2015, and remittitur issued on May 12, 2015. (Exhs. 31, 32.)

Mangham dispatched his federal habeas petition for mailing on January 17, 2016. (ECF No. 5.) Respondents now move to dismiss the petition as time-barred. (ECF No. 7.)

## II.   INSTANT PETITION IS TIME-BARRED

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

Here, the time period for seeking direct review expired thirty days after Mangham's October 19, 2011, corrected judgment of conviction. At that point, the AEDPA limitation period began to run. The AEDPA one-year limitation period had long expired when Mangham first acted to seek postconviction relief — when he filed his motion to correct an illegal sentence and vacate judgment April 2, 2014. His January 2016, federal habeas petition is, therefore, time-barred. Petitioner filed no opposition nor responded to the motion to dismiss in any way.

## III.   CERTIFICATE OF APPEALABILITY

As the petition is dismissed in its entirety, this is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

///

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations with respect to Mangham's petition, the Court finds that none meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability.

## IV.   CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 7) is granted. The petition is dismissed as time-barred.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 13th day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE